IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADRIAN HURRINGTON, § | |
| TDCJ # 02476882, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-637 |
| § | |
| ED GONZALEZ, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adrian Hurrington, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

### I.   BACKGROUND

Hurrington filed this suit when detained in the Harris County Jail. Harris County's online records reflect that Hurrington was prosecuted in Cause Number 1756996 for harassment of a public servant. Record Search, Harris County District Clerk, available at

www.hcdistrictclerk.com (last visited Feb. 27, 2024) (Cause No. 1756996). On April 1, 2022, the court entered an order of initial commitment of 120 days. *See id.* (case documents accessible on Images tab). On November 1, 2023, the case against Hurrington was dismissed on the State's motion because he was convicted in another case, Cause Number 1765673. *See id.*

Harris County's online records also reflect that Hurrington was prosecuted in Cause Number 1765673 for injury to the elderly. On November 1, 2023, based on a guilty plea, Hurrington was convicted and sentenced to three years in TDCJ. *See id.* (Cause No. 1765673). On December 22, 2023, Hurrington notified the Court that he had moved from Harris County Jail to TDCJ (Dkt. 9).

Hurrington's complaint in this suit names three defendants. First, he sues Harris County Sheriff Ed Gonzalez for allegedly failing to "execute lawful and proper diligence handling inmates['] requests and detainment" (Dkt. 1, at 3). Second, he sues Harris County District Attorney Kim Ogg for failing to follow a court order (*id.*; *see id.* at 4 (alleging that "Ogg and her office failed to efficiently and timely carry out" a commitment order entered by the court on April 1, 2022 in Cause No. 1756996)). Third, he sues Staci Biggar, an attorney, because he did not hear from Biggar between April 13, 2022, and February 14, 2023 (*id*. at 3-4). As relief for his claims, he seeks release from confinement, access to competent legal services, a court date, and to have the defendants "follow court orders" (*id.* at 4).

## II.     THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as that for a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under

this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III.   DISCUSSION

Hurrington filed a civil rights complaint under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). He seeks injunctive relief, in particular, an order instructing the defendants "follow court orders," release from confinement, access to competent legal services, and a court date (Dkt. 1, at 4).

Hurrington currently is in custody of TDCJ, not Harris County. The Court must *sua sponte* address the threshold issue of mootness, which is essential to the constitutional case-or-controversy requirement and therefore to this Court's subject matter jurisdiction. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424-25 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). The mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the

plaintiff files the complaint but also throughout the litigation process." *Id.* When intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies. *Ctr. for Biological Diversity*, 704 F.3d at 425. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

To the extent he seeks injunctive relief from Sheriff Gonzalez, his claims are moot. The Fifth Circuit has clearly held that injunctive and declaratory relief are not available to remedy a past harm:

> Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements. The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries. Because injunctive and declaratory relief cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact. To be an injury in fact, a threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) concrete and particularized, not abstract; and (3) actual or imminent, not conjectural or hypothetical. The purpose of the requirement that the injury be imminent is to ensure that the alleged injury is not too speculative for Article III purposes. For a threatened future injury to satisfy the imminence requirement, there must be at least a substantial risk that the injury will occur.

*Stringer v. Whitley*, 942 F.3d 715, 720-21 (5th Cir. 2019) (cleaned up). *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Pagoaga-Castro v. Pierson*, 790 F. App'x 652 (5th Cir. 2020). Because Hurrington is no longer in the custody of Harris County, Sheriff Gonzalez cannot provide the relief he seeks. His claims against Sheriff Gonzalez are moot and must be dismissed for lack of subject-matter jurisdiction.

To the extent Hurrington seeks injunctive relief from District Attorney Ogg in connection with Cause Number 1756996, his claim is moot because the proceedings against him have been dismissed. Additionally, prosecutors are shielded by absolute immunity "for activities intimately associated with the judicial phase of the criminal process, including initiating a prosecution and presenting the State's case." *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (cleaned up). Prosecutorial immunity "applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process," even in cases in which prosecutors are accused of malicious prosecution or knowing use of perjured testimony. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *see Bradley v. Salvant*, 801 F. App'x 315 (5th Cir. 2020). Here, Hurrington pleads no facts that could show that Ogg was not acting as an officer of the court during his criminal proceedings in Cause Number 1756996. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). His civil-rights claims against Ogg therefore must be dismissed as moot and based on absolute immunity.

Finally, to the extent Hurrington seeks injunctive relief from Biggar, his civil rights claim would fail because he does not adequately plead facts that could show that Biggar acted under color of state law, as required for a claim under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (the plaintiff's claim against his defense attorney "is not cognizable in this section 1983 action because his attorney is not a state actor"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir.1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Taking as true all facts pleaded in his complaint, his claim against

Biggar must be dismissed under 28 U.S.C. §1915A(b) for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Adrian Hurrington is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B), 28 U.S.C. § 1915A(b), and Federal Rule of Civil Procedure 12(h)(3). All pending motions, if any, are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 28_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE